COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LAURA RACHELLE AGUILAR, | § | No. 08-23-00250-CV |
| Appellant, | § | Appeal from the |
| v. | § | 384th Judicial District Court |
| RODOLFO ESQUIVEL and RICHARD AGUILAR, | § | of El Paso County, Texas |
| | § | (TC#2021DCV0951) |
| Appellees. | | |

**MEMORANDUM OPINION**

This cause is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. Finding that there is no appealable judgment, we dismiss the appeal.

From our record, the parties went to trial in September 2023. A notice of appeal was filed on September 15, 2023, complaining of the trial court's grant of a directed verdict. That ruling was not reduced to a final judgment from which an appeal could be taken.[1]

---

[1] The defendants filed a written motion for directed verdict; the prayer for that motion asked for the following: "Accordingly, for all of the foregoing reasons, the Defendants respectfully request that the Court grant their Joint Motion for Directed Verdict, and award them any other and further relief to which they may be justly entitled." The trial court's written order in turn did nothing more than "grant" the motion—it did not dismiss the claims and it contains no finality language. This Court has urged that orders be drafted to do more than just grant a motion. They should specify the relief being granted, "[o]therwise, the reader is sent back to the motion to see what relief that motion

On May 21, 2024, this Court abated this appeal for supplementation of the clerk's record after Appellant Laura Rachelle Aguilar filed a third motion for extension of time to file her appellate brief, stating in part, that the trial court had withdrawn its final judgment. The Court has reviewed the supplemental clerk's record, which shows that the trial court entered a final judgment in this case on April 15, 2024. Subsequently, on May 6, 2024, before its plenary power expired, the trial court entered an order withdrawing its April 15 judgment. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the date the judgment was signed.").

Because there is no final judgment in this case, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule . . . is that an appeal may be taken only from a final judgment."). All pending motions are denied as moot. The trial court is free to resume any proceedings and to enter any further orders, including the entry of a final judgment.[2]

JEFF ALLEY, Chief Justice

August 15, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

---

sought. And most requests for relief, as they do here, contain the boilerplate request for 'such other relief to which [the movant] may be justly entitled.'" *Xerox Commerical Sols., LLC v. Segura*, 579 S.W.3d 170, 176 n.4 (Tex. App.—El Paso 2019, no pet.).

[2] Appellee's response to our May 21 abatement order asks this Court to "dismiss this appeal and remand the case to the trial court for entry of a final judgment." However, this Court cannot both dismiss *and* remand. *See* Tex. R. App. P. 43.2 (listing the types of judgment a court of appeals may enter).